| | |
|---|---|
| **From:** | Koenig, Michael (ATR) |
| **To:** | Richard "Rick" Kornfeld |
| **Cc:** | Call, Heather (ATR); Torzilli, Paul (ATR); Sweeney, Carolyn (ATR); Rogowski, Jillian (ATR); Butte, Laura (ATR); Michael Tubach; Anna Pletcher; Brian P. Quinn; Bryan B. Lavine; David Beller; Megan Havstad; Megan Rahman; Michael Feldberg; Julie Withers; Laura Carwile; Liz Prewitt; Caroline Rivera; John Fagg; Jim Backstrom; Craig Gillen; Mark Byrne; Jennifer Derwin; Barry Pollack; Wendy Johnson; denniscanty@byrnenixon.com; Craig Gillen; Barry Pollack |
| **Subject:** | RE: US v. Penn et al. |
| **Date:** | Monday, December 28, 2020 3:52:36 PM |

**EXTERNAL EMAIL - USE CAUTION**

Rick,

The government is aware of, has abided by, and will continue to abide by, its disclosure obligations under *Brady*, *Giglio*, Jencks, Rule 16, and the like. Importantly, however, the government's obligations do not translate into a right for defendants to access everything in the prosecution file. *United States v. Garcia-Martinez*, 730 Fed. App'x 665, 677 (10th Cir. 2018). Your non-specific speculation that the redacted portions of the white papers "very well may contain, *inter alia*, Brady and/or Giglio materials" is an insufficient basis to justify your demand for fully unredacted versions. At best, it is a general request governed by the principles enumerated in *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) ("In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963), it is the State that decides which information must be disclosed."), and more recently set forth in *United States v. Nacchio*, 05-cr-545, 2006 WL 8439750, at *7 (D. Colo. Aug. 28, 2006) ("In the face of Defendant's lack of specificity in his requests, the Government's disclosure decisions control.") (citing *Ritchie*, 480 U.S. at 59).

Mike

**From:** Rick Kornfeld <rick@rklawpc.com>
**Sent:** Friday, December 11, 2020 10:00 AM
**To:** Koenig, Michael (ATR) <Michael.Koenig@ATR.USDOJ.gov>
**Cc:** Call, Heather (ATR) <Heather.Call@ATR.USDOJ.GOV>; Torzilli, Paul (ATR) <Paul.Torzilli@ATR.USDOJ.gov>; Sweeney, Carolyn (ATR) <Carolyn.Sweeney@ATR.USDOJ.GOV>; Rogowski, Jillian (ATR) <Jillian.Rogowski@ATR.USDOJ.GOV>; Butte, Laura (ATR) <Laura.Butte@ATR.USDOJ.GOV>; Tubach, Michael <mtubach@omm.com>; Pletcher, Anna T. <apletcher@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Lavine, Bryan B. <bryan.lavine@troutman.com>; David Beller <david@rklawpc.com>; Havstad, Megan <mhavstad@omm.com>; Rahman, Megan C. <megan.rahman@troutman.com>; mfeldberg@reichmanjorgensen.com; Julie Withers (julie@jwitherslaw.com) <julie@jwitherslaw.com>; lcarwile@reichmanjorgensen.com; Elizabeth.Prewitt@lw.com; Caroline.Rivera@lw.com; johnfagg@mvalaw.com; jabber@backstromlaw.com; cgillen@gwllawfirm.com; Mark Byrne <markbyrne@byrnenixon.com>; jenniferderwin@byrnenixon.com; bpollack@robbinsrussell.com; wjohnson@rmp.law; denniscanty@byrnenixon.com; Craig Gillen <cgillen@gwllawfirm.com>; bpollack@robbinsrussell.com
**Subject:** US v. Penn et al.

Mike,

On behalf of all Defendants and their counsel, I write to express serious concerns regarding the heavy redactions contained in the White Papers and other materials submitted by various

suppliers, and provided to the defense in discovery on December 1st. The government has heavily redacted these materials without providing a legal basis for doing so. This is particularly concerning in light of the fact that these materials are covered by the stipulated Protective Order entered by Judge Brimmer, and do not apparently contain the type of personal identifying information (SSNs, e.g.) the government typically redacts. Because we cannot, of course, compare the redacted versions to the originals, we cannot discern the government's methodology in deciding what portions to redact and what portions to disclose. That said, there does not appear to be a consistent logic to the government's redactions. The upshot of the missing portions of the White Papers is that these materials, which very well may contain, *inter alia*, Brady and/or Giglio materials, are useless to the defense. As you and your colleagues know, there are limited bases for redacting information in discovery to criminal defendants, and any concerns that led the government to redact these materials are sufficiently addressed by the Protective Order.

Accordingly, we would ask the government to provide us with unredacted versions of these materials forthwith. In the alternative, please provide the legal bases for these redactions so that we may determine how to raise this issue with the Court.

Best,

Rick

**RICK KORNFELD**
Shareholder



1600 Stout Street, Suite 1400, Denver, CO 80202
T: (303) 573-1900 • F: (303) 446-9400 • rklawpc.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.