IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. **JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' MOTION TO DISMISS COUNT 2 OF THE SUPERSEDING INDICTMENT WITHOUT PREJUDICE

The government respectfully moves, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, to dismiss Count 2 of the Superseding Indictment (Dkt. 101) without prejudice. In support of the Motion, the government states as follows:

1. On October 6, 2020, a grand jury in the District of Colorado returned a superseding indictment charging defendant Jimmie Lee Little with one count of conspiracy to restrain trade (Dkt. 101, Count 1); one count of making false statements (Dkt. 101, Count 2); and one count of obstruction of justice (Dkt. 101, Count 3).

2. As set forth in the Superseding Indictment, the conduct that gave rise to the charges in Count 2 took place in Forth Worth Texas, in the Northern District of Texas. (Dkt. 101, ¶ 147).

3. Defendant Little does not consent to venue for Count 2 in the District of Colorado. To avoid protracted litigation over the appropriate venue for Count 2 and promote judicial economy, particularly in light of the impending trial in this matter that is currently scheduled to commence on October 25, 2021, the government respectfully moves to dismiss Count 2 of the Superseding Indictment without prejudice. Leave of court is required pursuant to a motion under Federal Rule of Criminal Procedure 48(a), but courts are "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (citations and internal quotation omitted)). Dismissal without prejudice is appropriate where there is no indication that the government seeks to "harass" the defendant or that the government has acted in bad faith. *United States v. Casados*, No. 11-cr-00440-PAB, 2011 U.S. Dist. LEXIS 145129, at *5 (D. Colo. Dec. 16, 2011) (citing *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997)).

4. Dismissal here is not contrary to manifest public interest, nor is there any allegation that the government has acted in bad faith or seeks to "harass" the defendant. The government brought charges in this district in good faith, to promote judicial economy. Dismissal without prejudice will allow the government to properly

enforce federal law, promoting the fair administration of criminal justice.  *See Carrigan*, 778 F.2d at 1463.[1]

5. The undersigned has conferred with counsel for defendant Little, who does not object to the filing of this motion, but who reserves the right to argue that dismissal should be with prejudice.

Dated: October 7, 2021          Respectfully submitted,

/s/ Heather Call
HEATHER CALL
MICHAEL KOENIG
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States

---

[1] Prosecution in Fort Worth Texas will not prejudice the defendant. To the contrary, Defendant Little has filed with this Court a motion for an order permitting Mr. Little to attend much of the impending trial in this matter via videoconference from Fort Worth, Texas, where he resides. ECF No. 579.