IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>v.<br><br>JAYSON JEFFREY PENN, *et al.*<br><br>   Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' COMBINED RESPONSE TO THE GOVERNMENT'S MOTIONS FOR PRE-TRIAL RULINGS REGARDING THE AUTHENTICATION OF EVIDENCE**

## I.   INTRODUCTION

On October 11, 2021, the government filed two motions regarding the authentication of evidence it intended to present at trial: a Motion for Order for Pre-Trial Ruling Regarding Authentication of Evidence Pursuant to Federal Rules of Evidence 902(11) and (13) (ECF No. 622) (the "**Document Motion**") and a Motion for Order for Pre-Trial Ruling Regarding Authentication of Evidence Pursuant to Federal Rules of Evidence 902(11), 902(13), and 902(14) (ECF No. 623) (the "**Records Motion**"). The motions ask this Court to rule, in advance of trial and prior to the admission of any evidence, that the government has met certain standards to establish the authenticity and admissibility of millions of documents. These motions are thinly disguised motions *in limine*—the deadline for which was October 1, 2021. The government's Document Motion and Records Motion are untimely and should be denied on that basis alone. The motions should also be denied on the merits.

1

## II. LEGAL ARGUMENT AND ANALYSIS

### A. The Document Motion

The Document Motion seeks a pre-trial ruling on the authenticity of millions of documents that are identified solely by bates number in a list that spans over 450 pages. The government attached to its motion 28 certifications that purport to certify the documents' authenticity under Rule 902(11) (records of a regularly conducted activity) and 902(13) (records generated by electronic process). The Defendants have previously objected to the use of some of these certifications because they fail to meet the requirements of Rule 902, and those objections are incorporated here. *See* Defendants' Response in Opposition to Government's Notice Regarding Use of Self-Authenticating Evidence Pursuant to Federal Rules of Evidence 902(11), 902(13), and 902(14), ECF No. 566, pp. 2, 10 (Oct. 5, 2021). The Document Motion also includes new certifications, however, that were not attached to the government's prior notice and to which Defendants have not previously had a chance to object. ECF No. 622 (Exs. 3-4, 4-1, 4-2, 7-3, 9-1, 9-2, 12-2). The new certifications are nearly identical to those in the government's prior notification and suffer from the same deficiencies. The Defendants contest the adequacy of the proffered certifications and continue to object to the government's attempt to obtain a pre-trial ruling on the authenticity of millions of documents *en masse.*

### 1. The Document Motion Fails To Provide Adequate Notice.

The government dismissed Defendants' prior objections to their proposed certification because "the number of documents covered by the certifications is not as relevant as the number of certifications and their sufficiency under the rules." ECF No. 622, p. 6. But the government's tortured reading of a single case does not support its position. One cannot divorce a certification

from the documents it purports to certify—the certification only has meaning, and one can only assess its accuracy and compliance with Rules 902(11) and 902(13), when considering the underlying documents. The Rules themselves recognize this by requiring a fair opportunity to review the record before one must challenge the relevant certification. *See* Fed. R. Evid. 902(11). As described below and in Defendant's prior objections, the attempt to certify *en masse* millions of documents on the eve of trial does not provide Defendants a fair opportunity to challenge such sweeping certifications. Nevertheless, even a cursory review of universe of documents the government is attempting to self-authenticate reveals the certifications are clearly flawed, inaccurate, and woefully overbroad.

### 2. The Proposed Certifications Do Not Satisfy Rule 902.

As explained in Defendants' opposition to the government's notice of intent to offer certified records into evidence, a record is self-authenticating under Rule 902(11) only if it first satisfies the requirements of Rule 803(6), as shown in a certification. *See* Fed. R. Evid. 902(11) ("The original or a copy of a domestic record *that meets the requirements of Rule 803(6)(A)-(C)*, as shown by a certification of the custodian or another qualified person …"); *United States v. Browne*, 834 F.3d 403, 409-10 (3d Cir. 2016); *see also* ECF. No. 622, p. 4 ("To satisfy the requirements of [Rule] 902(11), a certification … must also meet the requirements of Rule 803(6)(A)-(C) …."). Under Rule 803(6), a document is excluded from the rule against hearsay only if it was made at or near the time by someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; and making the record was a regular practice of that activity. Fed. R. Evid. 803(6)(A)-(C).

3

Many of the certifications the government has proffered fail to satisfy Rule 902(11) because they do not meet the threshold requirements of Rule 803(6). The government attempts to dismiss this failure as "misguided" criticism about "the accuracy of the information contained in the referenced documents." ECF No. 622, p. 8. Not so. The certifications affirmatively state they do not certify whether any content satisfies Rule 803(6). *See, e.g.*, ECF No. 622, Exs. 4-1, 4-2 (certifications of Lumakar Challa, IT Director of JBS USA Food Company, which purportedly apply to over 2.5 million documents from Pilgrim's Pride Corporation, stating "I do not certify to the contents of any email, attachment or document, including, but not limited to, whether the contents of such materials meet the requirements of Rule 803(6)."). By the plain terms of Rule 902(11), the certifications are deficient. Fed. R. Evid. 902(11) ("The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), *as shown by a certification of the custodian or another qualified person …*" (emphasis added)); *Browne*, 834 F.3d at 410 (certification must establish relevant documents to satisfy Rule 803(6)).

For example, over 1.5 million of the documents listed in the Document Motion are from George's. The government included with the list of George's documents four certifications of Robert Hood, Vice President of IT at George's. *See* ECF No. 622-1 (Exs. 3-1, 3-2, 3-3, 3-4). Mr. Hood's certifications state that he was "familiar" with how the 1.5 million records referenced in his certifications were "created, managed, stored, and retrieved," but the documents (some of which are handwritten) appear to have been created or authored by many different individuals, on many different devices, at many different times, and in many different manners. Mr. Hood does not state that he made the records or that they were made by someone with knowledge of the events described therein. *See* Fed. R. Evid. 803(6)(A).

4

Mr. Hood's certifications also fail to establish that the 1.5 million George's records were "kept in the course of a regularly conducted activity" and that "making the record[s] was a regular practice of that activity." Fed. R. Evid. 803(6)(B)-(C). He certifies that the documents were retrieved from a *server* "that George's maintains in the ordinary course of business"—not that the records themselves were made in the course of a regularly conducted activity. *See* ECF No. 622-1 (Ex. 3-1). Indeed, the majority of the documents listed in the Document Motion are not invoices, purchase orders, bills of lading or other routine business records—they are email communications. They do not have the heightened reliability of routine documents on which businesses regularly rely, and they were not generated by an electronic system or process. The referenced documents contain communications and one-off conversations. They are no more reliable just because they are captured in email than an oral hearsay conversation would be if it occurred by telephone. *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019) (email "was not a business record [under Rule 803(6)] but rather a form of conversation") (internal quotations omitted).

Courts have rejected a categorical rule that all documents or emails originating or received by employees of a corporate party that are kept in the normal course of business constitute business records. *See*, *e.g.*, *Daneshvar,* 925 F.3d at 777 ("An email is not a business record … simply because it was sent between two employees in a company or because employees regularly conduct business through emails …."); *United States v. Cone*, 714 F.3d 197, 220 (4th Cir. 2013) ("While properly authenticated e-mails may be admitted into evidence under the business records exception, it would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives emails, then *ergo* all those e-mails are business records falling within the ambit of Rule 803(6)(B)."); *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 20 (1st Cir. 2014)

5

(district court erred in admitting emails under business records exception because "the 2012 e-mails described what supposedly occurred in 2011" and "[t]his lack of contemporaneity puts the exhibit outside the compass of the business records exception"). A contrary rule would mean that "every single email sent within any company would fall within the exception," which "would obviate the entire purpose of the business records exception." *Daneshvar*, 925 F.3d at 777. Rather, to qualify for the exception, "all persons involved in the process must be acting in the regular course of business—otherwise, an essential link in the trustworthiness chain is missing." *United States v. Davis*, 285 F. App'x 661, 662 (11th Cir. 2008).

While the government claims that it is not seeking a pretrial ruling on the *admissibility* of the listed documents, and that their admissibility will be determined on a "case-by-case basis," ECF No. 622, p. 2, it is nevertheless asking the court to rule that millions of documents satisfy the business records exception to hearsay under Rule 803(6), without "the requisite 'indicia of trustworthiness'" to qualify for that exception, without certifications that even speak to the topic, and without qualified persons attesting to the relevant criteria. *Queen v. Schultz*, 671 F. App'x 812, 815 (D.C. Cir. 2016). Courts have declined to apply the business records exception to emails when similar reasons suggest a lack of trustworthiness. *See, e.g.*, *MM Steel, LP v. Reliance Steel & Aluminum Co.*, 2013 WL 6588836, at *1 (S.D. Tex. Dec. 16, 2013) ("emails do not become admissible simply by way of a general averment in a business records affidavit which covers thousands of pages of documents"); *Rogers v. Or. Trail Elec. Consumers Coop., Inc.*, 2012 WL 1635127, at *8 (D. Or. May 8, 2012) ("Email is a casual form of communication that does not hold the same expectation of trustworthiness as other records usually kept in the course of business").

6

The government's request is improper, and this Court should deny the government's motion because it has not satisfied the foundational requirements of authenticity under Rule 902(11).

The Court should also deny the government's request that "the contents of the communications … be deemed authentic under Rule 902(13)." ECF No. 622, p. 2. Rule 902(13) applies only to "record[s] *generated* by an electronic process or system that produces an accurate result." The content of emails, contracts, and other business documents, even if stored on a computer, were not generated by an electronic process, they were generated by people. The mere fact that a computer is involved in some way does not satisfy Rule 902(13). *United States v. Ramadan*, 2021 WL 2941956, at *1 (E.D. Mich. July 13, 2021) (Rule 902(13) applies to things clearly created by electronic process or system, like "GPS data" and "cell phone photos"); *see also United States v. Meienberg*, 263 F.3d 1177, 1181 (10th Cir. 2001) ("[C]omputer printouts [a]re not the result of a process or system," they are "merely printouts of preexisting records that happened to be stored on a computer").

What is more, among the millions of documents the government has listed in its *en masse* application for a pre-trial ruling on authenticity are hand-written documents and documents with hand-written notes. *See, e.g.*, GEODOJ_0575920, GEODOJ_0001518 (copies of which are attached as Exhibit A); *see also* PILGRIMS-ATR001-000000001 (spreadsheet containing handwritten notes). These documents may have eventually been uploaded and saved on George's or Pilgrim's servers, but that does not mean the records were "*generated* by an electronic process or system," or that the contents of the listed documents "produced an accurate result." Fed. R. Evid. 902(13). Neither Mr. Hood (George's) nor Mr. Challa (Pilgrim's) even attempts to certify who created those documents, where or why they were created, or how they were maintained prior

7

to being stored on the company's server. And they expressly "do[] *not* certify the accuracy of the[ir] contents …." ECF No. 622-1 (Exs. 3-1, 3-2, 3-3, 3-4, 4-1, 4-2).

Separately, the government cannot authenticate any of the handwritten notes because it has failed to establish that they qualify as business records under Fed. R. Evid. 803(6). The proffered certifications make "no foundational showing that the . . . notes were made 'in the regular course of business of a regularly conducted business activity.'" *Hook v. Regents of the Univ. of Cal.*, 394 F. App'x 522, 531 (10th Cir. 2010) (quoting *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004) (affirming district court's exclusion of interview notes as business records). They do not declare that "it was the regular practice of that business activity" to have the notes made. *United States v. Robinson*, 700 F.2d 205, 210 (5th Cir. 1983) (handwritten notes should not have been admitted under Rule 803(6)). Because "the circumstances under which the handwritten notes were created are unclear" and "they do not appear to be the product of any system," the proffered certifications are insufficient. *See MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, 469 F. App'x 816, 828-29 (10th Cir. 2012) (district court erred in admitting memo with handwritten notes under business record exception). This Court should deny the Document Motion in full.

### B. The Records Motion

In its Records Motion, the government claims that certain telephone records, or "toll records," are self-authenticating documents pursuant to Fed. R. Evid. 902(11), (13) and (14). The government correctly states that, w]ith regard to authenticity, the defendants do not object to the certifications of the toll records or device extractions. ECF No. 623, pp. 1-2. Defendants do not contest that the proffered phone and toll records satisfy the requirements of Rule 803(6). But to

the extent the Records Motion seeks a ruling on the *admissibility* of the phone and toll records, Defendants object.

While phone records may constitute records of regularly conducted business pursuant to Rule 803(6), that does not mean they are admissible evidence at the trial of this matter. "The exceptions [in Rule 803] are phrased in terms of nonapplication of the hearsay rule, rather than in positive terms of admissibility, in order to repel any implication that other possible grounds for exclusion are eliminated from consideration." Fed. R. Evid. 803, Notes of Advisory Committee on Proposed Rules (1972). Thus, while the Records Motion "seek[s] a pre-trial order on [the] admissibility of toll records under Federal Rule of Evidence 803(6)," ECF No. 623, p. 5, the Court cannot admit those documents into evidence until the government has overcome any objections the Defendants may have to their admissibility, including relevance and undue prejudice. *See, e.g., United States v. Rogers*, 556 F.3d 1130, 1137 (10th Cir. 2009) (a court may exercise its discretion in excluding otherwise admissible evidence pursuant to Rule 403, including evidence that satisfies Rule 803(6)); *see also United States v. Michael*, 2007 WL 9657799, at *6 (D.N.M. Nov. 15, 2007) (finding tax returns were not admissible under Fed. R. Evid. 403 despite being business records).[1]

---

[1] In its Document Motion, while purporting to seek a ruling that the documents are business records, the government simultaneously seems to concede that such a ruling on admissibility would be inappropriate. ECF. No. 622, p. 2 (noting admissibility "will be determined on a case-by-case basis"). The Records Motion does not contain a similar statement regarding the case-by-case determination of admissibility of phone and toll records, but as explained above, Rule 803 does not foreclose other challenges to admissibility, including objections under Rule 401, 402, and 403. The Records Motion seems to acknowledge this point. *See* ECF. No. 623, p. 5 ("Of course, the government will still prove relevance of the underlying documents at trial before seeking to admit evidence."). The Defendants intend to raise objections at trial as to the admissibility of many of the documents covered by both the Document Motion and the Records Motion under Rule 401, 403, and potentially other grounds.

Date:  October 14, 2021                     Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*/s/ Wendy L. Johnson*
Wendy L. Johnson
RMP, LLP
Attorney for Ric Blake
5519 Hackett St., Suite 300
(479) 443-2705
wjohnson@rmp.law

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

10

**CERTIFICATE OF SERVICE**

On this 14th day of October, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Wendy L. Johnson*
Wendy L. Johnson