IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No.  20-cr-00152-PAB-7

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7.  JIMMIE LEE LITTLE,

    Defendant.

---

# ORDER

---

This matter is before the Court on the United States' Motion to Dismiss Count 2 of the Superseding Indictment Without Prejudice [Docket No. 607].  Jimmie Little responded, Docket No. 637, and the government replied.  Docket No. 651.

The superseding indictment brings charges against each defendant for violating the Sherman Act, and against Mr. Little for false statements and obstruction of justice.  Docket No. 101 at 1-2, 39-41.  Count two, false statements, and count three, obstruction of justice, are based on an August 31, 2020 interview of Mr. Little by Special Agent LaNard Taylor and Special Agent Matthew Koppenhaver in Fort Worth, Texas.  *See id.* at 39-41.  The government moves to dismiss count two without prejudice because Mr. Little does not consent to venue for count two in the District of Colorado.  Docket No. 607 at 2.  The government states that it acted in good faith by seeking a single trial on all three charges due to the factual overlap, but once it learned Mr. Little was "neither

challenging nor waiving venue," it moved to dismiss count two without prejudice. Docket No. 651 at 2-3. The government intends to re-file this charge in the Northern District of Texas. *Id.* at 3. Mr. Little argues that the Court should either dismiss count two with prejudice or dismiss both counts two and three without prejudice. Docket No. 637 at 3.

Rule 48(a) provides that the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Court in determining whether to dismiss the indictment "at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). Upon considering the reasons offered, the Court may exercise its discretion to deny a request for dismissal, but such discretion is "severely cabined." *In re Richards*, 213 F.3d 773, 788 (3d Cir. 2000); *see United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) ("[C]ourts are vested only with limited supervisory power over prosecutorial charging decisions specifically under Rule 48(a)."). A court "is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Amaya*, 206 F. App'x 757, 761 (10th Cir. 2006) (unpublished) (quotation marks and citation omitted); *see also United States v. Romero*, 360 F.3d 1248, 1253 (10th Cir. 2004) ("Analyzing the matter under Rule 48(a), we are persuaded the district court abused its discretion in denying the motion because dismissal was not clearly contrary to manifest public interest."). "[T]here are independent rights, interests, and duties that a court may protect, through using Rule 48(a) as a 'sunshine' provision that exposes the reasons for prosecutorial decisions,"

such as defendant's right to "not be harassed by repeated prosecutions that are dismissed before jeopardy attaches." *In re Richards*, 213 F.3d at 788 (internal citation omitted); *see Derr*, 726 F.2d at 619 ("The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime."). In the event a court finds that such an interest must be protected, "the judge might rightly condition dismissal on its being with prejudice." *In re United States*, 345 F.3d 450, 453 (7th Cir. 2003) (citing *Derr*, 726 F.2d at 619); *United States v. Towill*, 548 F.2d 1363, 1369-70 (9th Cir. 1977)).

The government seeks to dismiss count two without prejudice. Docket No. 607 at 1. Mr. Little argues that, because count three is based solely upon the false statements alleged in count two, either count two should be dismissed with prejudice or both counts two and three should be dismissed without prejudice. Docket No. 637 at 3. Mr. Little cites *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989), for the proposition that the Court should be suspicious of dismissal of fewer than all charges that require a defendant to "wait in a state of uncertainty until the government decide[s] to proceed on the second half of the charges." *Id.* at 4-5. Mr. Little acknowledges that prosecuting him in the District of Colorado on count three would "technically not amount[] to double jeopardy," but argues that is will subject him to prosecution twice for the same false statement. *Id.* at 5.

The Court will grant the government's motion and dismiss count two without prejudice. First, as noted above, the Court reviews such a motion only to determine whether dismissal is clearly contrary to the public interest. Second, "[t]here may be a

3

dismissal of some counts of an indictment or information without dismissing all." 3B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 801 (4th ed.) (citing *United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir. 1981)). In *Delagarza*, the Tenth Circuit upheld the dismissal of one count of a two-count indictment. 650 F.2d at 1167. Third, the government seeks to dismiss count two without prejudice because Mr. Little declined to waive venue. Docket No. 607 at 2. To the extent Mr. Little is worried about a state of uncertainty following dismissal of count two, he could have waived venue in this District to prevent that. Mr. Little's arguments regarding prosecution multiple times based on the same false statement are unavailing for the same reason. Fourth, the government states that it intends to charge Mr. Little in the Northern District of Texas. Docket No. 651 at 3. Thus, Mr. Little will not be in a state of uncertainty.

Finding no harassment, the Court will dismiss count two of the indictment without prejudice. Additionally, the Court finds no basis to *sua sponte* dismiss count three without prejudice. Accordingly, it is

**ORDERED** that the United States' Motion to Dismiss Count 2 of the Superseding Indictment Without Prejudice [Docket No. 607] is granted. It is further

**ORDERED** that Count 2 of the superseding indictment is dismissed without prejudice as to defendant Jimmie Lee Little.

DATED October 20, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge