IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS, and
10.    RICKIE PATTERSON BLAKE,

    Defendants.

Criminal Case No. 20-cr-00152-PAB

**DEFENDANTS' JOINT OBJECTIONS TO THE GOVERNMENT'S NOTICE OF EXHIBITS WITHOUT A TESTIFYING WITNESS**

On January 14, 2022, the government filed a Notice of Exhibits Without a Testifying Witness that listed 408 documents, many of which were not on the government's exhibit list during the first trial. Pursuant to the Court's December 22, 2021, Order (Doc. 925), Defendants respectfully submit these joint objections to the documents the government seeks to admit without a sponsoring witness. All of the objections are listed in a chart attached as Exhibit A to this filing, and that chart includes (i) a brief description of each exhibit, including its exhibit number; (ii) any objections Defendants previously raised about an exhibit's admissibility;

1

(iii) the Court's prior ruling, if any, on admissibility, including a citation to the transcript;[1] and (iv) any new objections.

In addition to the objections listed in Exhibit A, Defendants also raise several overarching considerations here. First, Defendants reassert for appellate preservation purposes all prior objections to these un-sponsored documents. Second, the sheer number of exhibits the government seeks to introduce without a sponsoring witness undermines Defendants' rights to a fair trial and to confront the evidence against them. Third, given the number of documents and the volume of the limiting instructions, there is a dangerous probability that the jury will improperly consider evidence admitted against a single Defendant to influence issues related to the other nine Defendants. Finally, the documents cannot be admitted before they are properly authenticated for admission at the retrial.

## ARGUMENT

**I.      Defendants Reassert All Prior Objections for Preservation Purposes.**

While Defendants acknowledge that the Court has ruled on the "prior objections" listed in Exhibit A, and that the Court will not reconsider its earlier rulings absent a change in circumstances warranting reconsideration, Defendants reassert for appellate preservation purposes all of the prior objections listed in Exhibit A. For example, when noting that a document does not satisfy Rule 801(d)(2)(E), Defendants specifically incorporate hearsay objections as well as all objections made during the *James* hearing and in relevant briefing.

---

[1] Citations to the official transcript are referred to by either by "[Date] Trial Tr." or the last name of the witnesses for whom Defendants have an official transcript covering their testimony. Because Defendants do not yet have a complete official transcript, all other citations are to the unofficial draft transcripts and are referred to as "[Date] Unofficial Tr." Given their draft status, Defendants defer to the Court's recollection if it differs from the drafts in any way.

**II.     The Admission of Hundreds of Documents Without a Testifying Witness Would Undermine Defendants' Confrontation Rights.**

The government seeks to admit over 400 documents against Defendants without a testifying witness.[2] The vast majority of those documents (303) involve at least one individual who is not a defendant in any criminal proceeding and about whom the government has made no showing of unavailability to testify at trial. The government's approach tries to insulates large portions of its case and a large number of out-of-court declarants from testing through cross-examination, in violation of Defendants' constitutional rights under the Fifth and Sixth Amendments, including the rights to a fair trial and to confront the evidence against them. The Court should decline to admit the contested exhibits on this basis alone.

The common-law tradition of criminal trials enshrined in the Sixth Amendment's Confrontation Clause "is one of live testimony in court subject to adversarial testing." *Crawford v. Washington*, 541 U.S. 36, 43 (2004). For that reason, "the Confrontation Clause imposes a burden on the prosecution to present its witnesses" for examination in court. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). This requirement provides criminal defendants "a procedural . . . guarantee" that the reliability of evidence admitted at trial will "be assessed in a particular manner: by testing in the crucible of cross-examination." *Crawford*, 541 U.S. at 61;

---

[2] At roughly 10pm Eastern on January 27, 2022, the government sent defense counsel an email attaching three additional exhibits, two of which the government intends to offer without a sponsoring witness—GX-9869 and GX-9870. The government did not list any of the documents on the exhibit list it filed on January 14, 2022. *See* Doc. 935. Nor did the government list GX-9869 or GX-9870 on the Notice of Exhibits Without a Sponsoring Witness it filed on January 14, 2022. *See* Doc. 937; Doc. 937-1. The government offered no explanation for its weeks-late disclosure. The government's failure to abide by the Court's unambiguous deadlines is reason enough to deny admission of all three documents, but especially unsponsored GX-9869 and GX-9870. Defendants offer additional objections to GX-9869 and GX-9870 in Exhibit A.

*see also Hemphill v. New York*, __ S. Ct. __, 2022 WL 174223, at *7 (Jan. 20, 2022) (a court's determination "regarding the reliability of evidence is no substitute for the constitutionally prescribed method of assessing reliability'" through cross-examination (quotation omitted)).

The government's trial strategy deprives Defendants of this fundamental right. The government seeks to introduce over 400 exhibits without eliciting testimony subject to cross-examination. Regardless of whether the individual exhibits constitute testimonial hearsay, this absence of live testimony denies Defendants their constitutionally-guaranteed opportunity to test this portion of the government's case "in the crucible of cross-examination." *See Crawford*, 541 U.S. at 61.[3] Without testimony to challenge through cross-examination, Defendants can only challenge this portion of the government's case by presenting their own witnesses. However, Defendants' ability to call witnesses in their defense "is no substitute for the right of confrontation." *Melendez-Diaz*, 557 U.S. at 324. Rather, as the Supreme Court has explained:

> Converting the prosecution's duty under the Confrontation Clause into the defendant's privilege . . . shifts the consequences of adverse-witness no-shows from the [prosecution] to the accused. More fundamentally, the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court.

*Id.*; *see also Bullcoming v. New Mexico*, 564 U.S. 647, 663 (2011) ("If a particular guarantee of the Sixth Amendment is violated, no substitute procedure can cure the violation." (quotation omitted)). The Court should not permit the government to undermine Defendants' fair trial and confrontation rights by admitting hundreds of documents without a sponsoring witness.

---

[3] While the government "reserves the right to seek admission of or testimony regarding the exhibits [listed on its notice] during the testimony of percipient witnesses during its case-in-chief," Doc. 937 at 1, the government seeks to admit over 400 exhibits without any obligation to elicit testimony on their substance.

### III. Numerous Exhibits Are Subject to Limiting Instructions, But Instructions Are Inadequate to Guard Against the Risk of Evidentiary Spillover.

The government's notice includes scores of exhibits that were subject to limiting instructions at the first trial. Defendants respectfully request that the Court, to the extent it again admits the documents over Defendants' objections, issue the same limiting instructions for each of these exhibits. The government's notice also includes new exhibits that, to the extent admissible at all, are admissible against only certain Defendants and inadmissible against others. Each thus requires additional limiting instructions. The large number of unsponsored exhibits subject to differing limiting instructions demonstrates one of the many problems with the government's approach and the inadequacy of limiting instructions in a complex, multidefendant conspiracy case like this one.

It is not always reasonable to assume that a jury "can and will follow the trial judge's instructions to disregard [inadmissible] information." *Bruton v. United States*, 391 U.S. 123, 135 (1968). Indeed, this assumption is not warranted where the admission of the extrajudicial statements of a codefendant creates a serious risk that a defendant will be convicted on the basis of evidence introduced only against his codefendant. *Id*. For related reasons, the Tenth Circuit has cautioned that "when the government seeks to bring many individuals under the umbrella of a single conspiracy," courts must be "particularly vigilant" of the risk that the jury "will fail to differentiate among particular defendants." *United States v. Evans*, 970 F.2d 663, 674 (10th Cir. 1992). This risk is heightened in long, complex trials, where the jury is expected to remember precise limiting instructions offered at trial "weeks and months down the line" when they begin deliberations. *United States v. Gallo*, 668 F. Supp. 736, 753 (E.D.N.Y. 1987).

Here, of the hundreds of exhibits the government seeks to introduce without a witness

over the course of a six-week trial, scores are subject to different limiting instructions about the purposes for which, and against whom, the jury may consider that evidence. Under these circumstances, limiting instructions are inadequate to protect against the serious, highly prejudicial risk that evidence introduced against a single Defendant or for a limited purpose will influence the jury's consideration of other issues or Defendants. Defendants consequently object to the admission of the exhibits noted in Exhibit A on this basis as well.

### IV. The Exhibits Cannot Be Admitted Before They Are Authenticated.

Finally, as noted in Exhibit A, Defendants object to the admission of many exhibits identified in the government's notice on the basis that they have not been authenticated. "Authentication is a prerequisite to the admission of evidence." *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991) (citing Fed. R. Evid. 901(a)). The government has not sought to authenticate these exhibits for admission at the retrial and, as a result, the documents cannot be admitted.

### CONCLUSION

For the foregoing reasons, the Court should deny—or at the very least defer a ruling on—the government's request to admit the hundreds of documents without a sponsoring witness.

Dated:  January 28, 2022                                 Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

6

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

<u>*s/ Michael F. Tubach*</u>
Michael F. Tubach