IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY AND ACCOMPANYING EXHIBITS RELATED TO PRICE UNIFORMITY

The government respectfully moves this Court to exclude expert testimony—and accompanying exhibits J-214 (first listed item), J-215, J-216, and J-217—relating to the lack of uniformity of bids, prices, or changes in price. This evidence has little probative value, and when provided through an economic expert, is unfairly prejudicial and confusing to the jury. Although uniform prices can indicate price fixing, the inverse is not true; lack of uniform prices does not indicate lack of price fixing. The Supreme Court has long ago rejected the argument that price uniformity is important (much less

necessary) to showing price fixing, *see United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 222–23 (1940); price fixing can and often does involve non-uniform pricing.

## Background

Yesterday, the government received copies of exhibits the defendants plan to introduce through the defendants' economic expert, Professor Snyder, who is testifying tomorrow. Among these exhibits are J-214, J-215, J-216, and J-217, filed as Attachment A to this motion. J-214 is an exhibit titled "DOJ Indicators of Bid Rigging and Price Fixing," which lists as a first item "Setting identical prices." The exhibit cites a DOJ primer, *Price Fixing, Bid Rigging, and Market Allocation Schemes: What are They and What to Look For, An Antitrust Primer,* U.S. Department of Justice (DOJ) (hereinafter DOJ Primer on Price Fixing) at 4, which describes that "Identical prices may indicate a price-fixing conspiracy." Exhibits J-215, J-216, and J-217 each contains bar charts comparing competitor bids or prices with each other (or, in the case of J-217, price changes), showing variation across suppliers. These slides are titled "Are Bids and Prices Identical?" (J-215 and J-216) and "Are Price Changes Identical?" (J-217).

The defendants' letter to the government on May 14, 2021 indicate these exhibits will be used to support testimony on "whether distribution of prices bid by rivals indicates collusion." Letter from Michael Tubach to Michael Koenig (May 14, 2021) at 20.

## Argument

The Supreme Court has clearly held it is not "important that the prices paid" in a price-fixing conspiracy be "uniform and inflexible." *United States v. Socony-Vacuum Oil*

*Co.,* 310 U.S. 150, 222 (1940). In rejecting the argument that prices need to be identical for there to be a price-fixing conspiracy, the Court explained:

> Price-fixing as used in the *Trenton Potteries* case has no such limited meaning. An agreement to pay or charge rigid, uniform prices would be an illegal agreement under the Sherman Act. But so would agreements to raise or lower prices whatever machinery for price-fixing was used. That price-fixing includes more than the mere establishment of uniform prices is clearly evident from the *Trenton Potteries* case itself . . . . [P]rices are fixed within the meaning of the *Trenton Potteries* case if the range within which purchases or sales will be made is agreed upon, if the prices paid or charged are to be at a certain level or on ascending or descending scales, if they are to be uniform, or if by various formulae they are related to the market prices. They are fixed because they are agreed upon.

*Id*.

Accordingly, although the DOJ considers uniform prices to be an indicator of price fixing, *see* DOJ Primer on Price Fixing at 4, the inverse is not true. The Supreme Court expressly rejected the argument that "fixed" prices must be uniform in *Socony-Vacuum*, and today it is clear that a *lack* of uniform prices does not indicate a *lack* of price fixing. Indeed, price-fixing conspiracies are often inferred absent identical prices. *See SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 429 (4th Cir. 2015), *as amended on reh'g in part* (Oct. 29, 2015) ("parallel conduct 'need not be exactly simultaneous and identical in order to give rise to an inference of agreement.'"); *City of Moundridge v. Exxon Mobil Corp.,* Civil Action No. 04–940 (RWR), 2009 WL 5385975, at *5 (D.D.C. Sept. 30, 2009) ("Price-fixing can occur even though the price increases are not identical in absolute or relative terms.").

Moreover, price differences are inevitable in the broiler chickens industry, where suppliers often provide bids or prices up to four decimal points. Submitting identical prices in this case would easily invite detection—and it would have been foolish for suppliers to do so. A price-fixing conspiracy in this industry is thus *more* likely to set different, rather than identical, prices. For this reason, the probative value of non-uniform pricing in this industry is minimal at best.

There is also great danger of confusing the jury under Fed. R. Evid. 403, as evidence of varied pricing is to be introduced via an expert witness. Any incremental (non-cumulative) value from price variation would be cloaked in "expertise" due to Professor Snyder's credentials, which would be unfairly prejudicial. From Professor Snyder's anticipated testimony and accompanying exhibits, the jury can easily be misled into believing that uniformity of pricing is not only important, but *necessary* to prove a price-fixing conspiracy—which is plainly incorrect. *Socony-Vacuum Oil Co.*, 310 U.S. at 222 ("Nor is it important that the prices paid by the combination were not fixed in the sense that they were uniform and inflexible."). In addition, any expert testimony on this issue would be unnecessarily cumulative. The price differences are already in evidence. Witnesses have been questioned—often extensively—on the topic, and numerous exhibits, including summary charts, are in evidence. *See*, *e.g.*, H-684, GX-10023. From this ample evidence, the defendants are free to argue in closing the inference that a jury can draw from variations across suppliers. The defendants are therefore not prejudiced by excluding expert evidence of a lack of price uniformity.

4

5

Because the minimal probative value is substantially outweighed by its potential for prejudice, the government respectfully seeks exclusion as outlined above.

Respectfully submitted this 16th day of March 2022.

By:  /s/ Yixi (Cecilia) Cheng
Yixi (Cecilia) Cheng
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington, D.C. 20530
Tel: 202-705-8342
Email: yixi.cheng@usdoj.gov